**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ARTHUR J. GONZALEZ**, in his personal capacity and in his official capacity as Member of the Federal Oversight and Management Board for Puerto Rico<br><br>**ANDREW G. BIGGS**, in his personal capacity and in his official capacity as Member of the Federal Oversight and Management Board for Puerto Rico<br><br>**BETTY A. ROSA**, in her personal capacity and in her official capacity as Member of the Federal Oversight and Management Board for Puerto Rico<br><br>          *Plaintiffs*,<br>     v.<br><br>**SERGIO GOR**, in his official capacity as Director of the White House Personnel Office<br><br>**JOHN E. NIXON**, in his official capacity as Member of the Federal Oversight and Management Board for Puerto Rico<br><br>**ROBERT F. MUJICA**, in his official capacity as the Executive Director of the Federal Oversight and Management Board for Puerto Rico<br><br>**DONALD J. TRUMP**, in his official capacity as President of the United States of America<br><br>          *Defendants*. | No. 25-CV-1508<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.  The Federal Oversight and Management Board for Puerto Rico is an agency of the

Commonwealth of Puerto Rico that is responsible for overseeing, among other things, the fiscal

restructuring of the Commonwealth and related entities. Congress created the Board under Article IV, Section 3 of the United States Constitution, which empowers Congress to make rules and regulations concerning United States territories. 48 U.S.C. § 2121(b)(2).

2. By law, members of the Federal Oversight and Management Board are not removable at will. Instead, the President may remove a member "only for cause." 48 U.S.C. § 2121(e)(5)(B).

3. Plaintiffs Arthur J. Gonzalez, a retired bankruptcy judge and current senior fellow at New York University School of Law, and Andrew G. Biggs, an expert in Social Security reform, government pensions, and public sector benefits, have served as members of the Federal Oversight and Management Board since their appointment by President Barack Obama in August 2016. Each has been reappointed to serve additional terms by President Donald Trump and by President Joseph Biden. Their respective terms expire in 2027.

4. Plaintiff Betty A. Rosa, the Commissioner of Education and President of the University of the State of New York, has served as a member of the Oversight Board since her appointment by President Trump in December 2020. She was reappointed by President Biden in 2024. Her term expires in 2027.

5. But on August 1, 2025, the Deputy Director of the Presidential Personnel Office separately sent Judge Gonzalez and Dr. Rosa a one-sentence email informing them that they had been removed from office. On August 13, 2025, the Deputy Director of the Presidential Personnel Office sent Dr. Biggs a nearly identical email. Not one of those emails articulated any "cause" or provided any other justification for the removals.

6. Those purported removals were unlawful. They have no basis in law or fact. And they have left Judge Gonzalez, Dr. Biggs, and Dr. Rosa with no other option but to file this lawsuit.

7. As it has in numerous other cases over the past few months, the government may claim that the President has inherent authority under Article II of the Constitution to terminate Judge Gonzalez, Dr. Biggs, or Dr. Rosa.

8. That is wrong. In President Trump's first term, the Supreme Court conclusively held that Board Members are *not* officers of the United States within the executive branch. Instead, they are part of the territorial government of Puerto Rico, established under Article IV of the Constitution. Whatever authority the President possesses under Article II to remove executive branch officers, it does not extend to territorial officers like Judge Gonzalez, Dr. Biggs, and Dr. Rosa.

9. The stakes of this case could not be higher: If the President can violate the laws that Congress passed establishing local governments in the territories, he could remove *any* territorial officer tomorrow. On that theory, he may also be able to remove officers from the District of Columbia even though no officer exercising authority on behalf of a territory or the District of Columbia belongs or reports to the Executive Branch.

10. Judge Gonzalez, Dr. Biggs, and Dr. Rosa therefore bring this action seeking a declaratory judgment, an injunction, and, in the alternative, a writ of mandamus.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action for declaratory and injunctive relief under 28 U.S.C. §§ 1331, 1361.

12. Venue is proper in this district under 48 U.S.C. § 2126(a).

## PARTIES

13. Plaintiff Arthur J. Gonzalez is a member and Chair of the Federal Oversight and Management Board.

14. Plaintiff Andrew G. Biggs is a member of the Federal Oversight and Management Board.

15. Plaintiff Betty A. Rosa is a member of the Federal Oversight and Management Board.

16. Defendant Sergio Gor is Director of the White House Presidential Personnel Office. He is sued in his official capacity.

17. Defendant John E. Nixon is a Member of the Federal Oversight and Management Board. He is sued in his official capacity.

18. Defendant Robert F. Mujica is the Executive Director of the Federal Oversight and Management Board. He is sued in his official capacity.

19. Defendant Donald J. Trump is President of the United States and is responsible for the decision to remove Judge Gonzalez, Dr. Biggs, and Dr. Rosa from office. He is sued in his official capacity.

## STATUTORY BACKGROUND

20. The Federal Oversight and Management Board (FOMB) is an independent agency "within the territorial government" of Puerto Rico. 48 U.S.C. § 2121(c)(1). In 2016, Congress enacted the Puerto Rico Oversight, Managements, and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2101 *et seq.*, to address Puerto Rico's soaring debt, which had overtaken the island's annual output. In essence, the PROMESA permits Puerto Rico and its entities, among other things, to seek federal bankruptcy protection.

21. The PROMESA's "centerpiece" was the FOMB. *Fin. Oversight and Management Bd. for Puerto Rico v. Centro de Periodismo Investigativo, Inc.*, 598 U.S. 339, 342 (2023). The FOMB's purpose is to enable Puerto Rico to "achieve fiscal responsibility and access to the capital

markets." 48 U.S.C. § 2121(a).  In creating the FOMB, Congress acted under its power to "make all needful Rules and Regulations respecting the Territory . . . belonging to the United States." U.S. Const. art. IV, § 3, cl. 2.  By statute, Congress established the FOMB "within" Puerto Rico's "territorial government" such that it "shall not be considered to be a department, agency, establishment, or instrumentality of the Federal Government."  48 U.S.C. § 2121(c)(1) and (2). The Supreme Court has determined that the FOMB's structure, duties, and powers make it "part of the local Puerto Rican government." *Fin. Oversight and Management Bd. for Puerto Rico v. Aurelius Investment, LLC*, 590 U.S. 448, 465 (2020).

22. Under the PROMESA, the FOMB has several duties.  It approves and enforces Puerto Rico's fiscal plans and budgets.  48 U.S.C. §§ 2141-44.  It supervises Puerto Rico's borrowing.  *Id.* at § 2147.  And it represents Puerto Rico in judicial proceedings—known as Title III cases—for restructuring Puerto Rico's debt.  *See id.* at §§ 2161-77.

23. The FOMB consists of seven members appointed by the President.  *Id.* at § 2121(e)(1).  Each Member must have "knowledge and expertise in finance, municipal bond markets, management, law, or the organization or operation of business or government," *id.* at § 2121(f)(1), and not be an officer, elected official, employee, candidate for elected office in, or a former elected official, of the Puerto Rican government, *id.* at § 2121(f)(2).

24. Six of the seven Members appointed by the President must "be by and with the advice and consent of the Senate" unless the President appoints an individual on a list prepared by a Member of Congressional leadership as provided by statute.  *Id.* at § 2121(e)(2)(E); *see id.* at §§ 2121(e)(1)(B) and (e)(2)(A).  Of those six members:

- one must maintain a primary residence or a primary place of business in Puerto Rico and is selected from a list submitted by the Speaker of the House of Representatives;

- one is selected from a "non-overlapping list" submitted by the Speaker of the House of Representatives;

- two members are selected by a list submitted by the Majority Leader of the Senate;

- one member is selected from a list submitted by the Minority Leader of the House of Representatives; and

- one member is selected from a list submitted by the Minority Leader of the Senate.

25. The seventh member may be selected "in the President's sole discretion." *Id*. at § 2121(e)(2)(A)(vi). The Governor of Puerto Rico (or the Governor's designee) serves as an ex officio member without voting rights. Id. at § 2121(e)(3).

26. Each member receives a three-year appointment, *id.* at § 2121(e)(5)(A), and may be reappointed to serve consecutive terms, *id.* at § 2121(e)(2)(5)(D). A member may also continue to serve after the three-year term has expired "until a successor has been appointed." *Id.* at § 2121(e)(5)(C).

27. Members of the FOMB "serve without pay." *Id.* at § 2121(g).

28. The President may remove a member from the FOMB "only for cause." *Id.* at § 2121(e) (5)(B).

## FACTUAL ALLEGATIONS

29. Plaintiff Arthur J. Gonzalez is a distinguished attorney and former judge. After serving as public school teacher in New York City while earning his law degree at the Evening Program at Fordham University, he worked as an attorney for the Internal Revenue Service.

30. Following several years in private practice, Judge Gonzalez became an Assistant United States Trustee in the Southern District of New York, and thereafter he became the United States Trustee for all of Region 2, which comprises the Second Circuit. In 1995, he was appointed to a fourteen-year term on the United States Bankruptcy Court for the Southern District of New York. In 2009, Judge Gonzalez was appointed to a second fourteen-year term, and in 2010, he was appointed Chief Judge. While serving on the federal bankruptcy court, Judge Gonzalez presided over many large complex corporate reorganizations, including Enron, WorldCom, and Chrysler.

31. Following his retirement as Chief Judge of the United States Bankruptcy Court for the Southern District of New York on March 1, 2012, Judge Gonzalez became a Senior Fellow at the New York University School of Law, where he had earlier served as an adjunct professor.

32. Plaintiff Andrew G. Biggs is an expert on Social Security reform, state and local government pensions, and public sector pay and benefits. He holds a BA in philosophy from Queen's University of Belfast, a Master of Philosophy in social and political theory from Cambridge University, a Master of Science in financial economics from the University of London, and a Ph.D. in government from the London School of Economics.

33. In 2001, Dr. Biggs served on President George W. Bush's Commission to Strengthen Social Security. In 2005, Dr. Biggs joined the Social Security Administration as the principal deputy commissioner, where he oversaw policy research. He has been published widely in the academic and popular press, and in 2014, Institutional Investor Magazine named Dr. Biggs as one of 40 most influential people on retirement matters. In April 2025, Dr. Biggs published a book entitled, "The Real Retirement Crisis: Why (Almost) Everything You Know About the US

Retirement System Is Wrong." He currently serves as a Senior Fellow at the American Enterprise Institute and as a Policy Fellow at the Stanford Institute for Economic Policy Research.

34. Plaintiff Betty A. Rosa is the Commissioner of Education and President of the University of the State of New York. She holds multiple degrees from the City College of New York and Harvard University, and worked extensively in the New York City Department of Education, where she introduced an integrated linguistic model in a multicultural and multilingual school for use in both general and special education, developed and implemented the Office of Conflict Resolution for the NYC Division of Special Education, and served in several positions, including as a school principal, a Superintendent, and the Senior Superintendent for the Bronx.

35. Before becoming the Commissioner of Education and President, Dr. Rosa served on the Board of Regents and as Chancellor at the University of the State of New York. She has received many awards, including the Woman of the Year Award from the New York League of Puerto Rican Women, the Transformative Education Leadership Award from the International Chartership High School, the Leadership in Education Award from the Association of Dominican-American Supervisors and Administrators, the Women of Distinction Award from the Bronx Chamber of Commerce, and the Latina of the Year Award from the New York State Assembly and Senate's Puerto Rican/Hispanic Task Force.

36. On August 31, 2016, President Barack Obama appointed Judge Gonzalez to the FOMB as the President's discretionary selection. On January 5, 2021, Judge Gonzalez was re-appointed by President Trump as a candidate submitted by the House Majority Leader Nancy Pelosi. Most recently, on October 8, 2024, President Joseph Biden reappointed Judge Gonzalez as a candidate submitted by House Majority Leader Hakeem Jeffries.

37. Like Judge Gonzalez, Dr. Biggs has been appointed to the FOMB three times. President Obama first appointed him on August 31, 2016, and he was re-appointed by President Trump on December 22, 2020, and by President Biden on October 8, 2024. For all three of his appointments, Dr. Biggs's candidacy was submitted by Senator Mitch McConnell.

38. Dr. Rosa was first appointed to the Board on December 8, 2020 by President Trump, and she was re-appointed on June 26, 2024 by President Biden. For both appointments, Dr. Rosa's candidacy was submitted by Senator Chuck Schumer.

39. On December 11, 2024, Judge Gonzalez was named as Chair of the FOMB following a vote of the members. His term as Chair lasts for two years. Judge Gonzalez, Dr. Biggs, and Dr. Rosa serve on committees at the FOMB, including the litigation and education committees.

40. On August 1, 2025, Judge Gonzalez received an email from Trent M. Morse, Deputy Director of the White House Office of Presidential Personnel, which, after the salutation ("Dear Dr. Gonzalez,"), stated in its entirety, "On behalf of President Donald J. Trump, I am writing to inform you that your position as a Member of the Financial Oversight Board for Puerto Rico is terminated effective immediately. Thank you for your service." Exh. 1.

41. Also on August 1, 2025, Dr. Rosa received an email from Trent M. Morse, Deputy Director of the White House Office of Presidential Personnel, which, after the salutation ("Dear Ms. Rosa,"), stated in its entirety, "On behalf of President Donald J. Trump, I am writing to inform you that your position as a Member of the Financial Oversight Board for Puerto Rico is terminated effective immediately. Thank you for your service." Exh. 2.

42. On or about the same date, three other members were also purportedly removed from the FOMB. As of that date, Dr. Biggs and one other member remained on the FOMB.

43. On August 6, 2025, Dr. Biggs posted the following message on the social media platform X: "I'm proud to have served with my five @fomb colleagues, who worked for years, unpaid and often unfairly criticized, to improve life for the 3 million US citizens living in Puerto Rico. They deserve everyone's gratitude, and they certainly have mine." Exh. 3

44. On August 13, 2025, Dr. Biggs received an email also from Trent M. Morse, Deputy Director of the White House Office of Presidential Personnel, which, after the salutation ("Dear Andrew,"), stated in its entirety, "On behalf of President Donald J. Trump, I am writing to inform you that your position as a Member of the Financial Oversight Board for Puerto Rico is terminated effective immediately. Thank you for your service." Exh, 4.

45. The materially identical emails that Judge Gonzalez, Dr. Biggs, and Dr. Rosa received do not allege any cause for their purported removals. At no point has anyone provided any other notice to Judge Gonzalez, Dr. Biggs, or Dr. Rosa for the reasons for their purported removals, a hearing, or any opportunity to contest the basis of their removals.

46. In short, in violation of the statutory text, Judge Gonzalez, Dr. Biggs, and Dr. Rosa were purportedly terminated without cause, as the emails provided no basis, justification, or authority for the terminations.

47. If permitted to stand, the removals of Judge Gonzalez, Dr. Biggs, and Dr. Rosa could have ramifications far beyond the FOMB. If the President can assert a constitutional basis to violate Congress's creation of statutory removal protections for territorial officers who exercise no federal executive power, then the President could fire any territorial officer at any time for any reason—or for no reason at all. It could also mean that the President could remove any officer exercising local authority over the District of Columbia.

## CLAIMS FOR RELIEF

### COUNT ONE
### ULTRA VIRES IN VIOLATION OF THE PUERTO RICO OVERSIGHT, MANAGEMENT, AND ECONOMIC STABILITY ACT (PROMESA)
### 48 U.S.C. § 2121
### (Against all Defendants)

48.     The preceding paragraphs are incorporated and realleged here.

49.     Under the PROMESA's plain language, Judge Gonzalez, Dr. Biggs, and Dr. Rosa have a clear legal entitlement to retain their positions as members of the Federal Oversight and Management Board.  Section 2121 mandates that Federal Oversight and Management Board Members can be removed by the President prior to the expiration of their term "only for cause." 48 U.S.C. § 2121(e)(5)(B).

50.     The emails purporting to terminate Judge Gonzalez, Dr. Biggs, and Dr. Rosa did not cite any cause for removing them from the Federal Oversight and Management Board.

51.     Instead, the emails purporting to terminate them simply inform them that their positions on the FOMB are "terminated effective immediately."  The emails entirely fail to provide cause for their purported termination, nor has anyone provided any other justification to Judge Gonzalez, Dr. Biggs, or Dr. Rosa since their termination.

52.     Accordingly, the supposed terminations of Judge Gonzalez, Dr. Biggs, and Dr. Rosa are *ultra vires* and a clear violation of law, and any attempts to effectuate the illegal termination would be unlawful.

### COUNT TWO
### VIOLATION OF THE PUERTO RICO OVERSIGHT, MANAGEMENT, AND ECONOMIC STABILITY ACT (PROMESA)
### (Statutory Right to Notice and a Hearing)
### 48 U.S.C. § 2121
### (Against all Defendants)

53.     The preceding paragraphs are incorporated and realleged here.

11

54. The purported removals of Judge Gonzalez, Dr. Biggs, and Dr. Rosa deprived them of their statutory right to notice and a hearing under the PROMESA.

55. The Supreme Court has recognized that "for cause" removal protections create a statutory right to notice and a hearing. *Reagan v. United States*, 182 U.S. 419, 425 (1901) ("[W]here the term of office is for a fixed period, notice and hearing are essential."); *see Shurtleff v. United States*, 189 U.S. 311, 314 (1903) ("It must be presumed that the President did not make the removal for any cause assigned in the statute, because there was given to the officer no notice or opportunity to defend.").

56. The attempt to remove Judge Gonzalez, Dr. Biggs, and Dr. Rosa violates the PROMESA, as the statute's inclusion of "for cause" removal protection conferred on Judge Gonzalez, Dr. Biggs, and Dr. Rosa a statutory right to notice and a hearing. *See* 48 U.S.C. § 2121(e)(5)(B). They were given neither.

57. The attempt to terminate Judge Gonzalez, Dr. Biggs, and Dr. Rosa was therefore a violation of their statutory right to notice and a hearing under the PROMESA, and any actions to effectuate the attempt to terminate Judge Gonzalez, Dr. Biggs, and Dr. Rosa would violate their statutory rights.

**COUNT THREE**
**VIOLATION OF THE FIFTH AMENDMENT**
**(Procedural Due Process)**
**(Against All Defendants)**

58. The preceding paragraphs are incorporated and realleged here.

59. The Due Process Clause guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Here, the government has attempted to deprive Judge Gonzalez, Dr. Biggs, and Dr. Rosa of their property interest in their

12

positions as members on the Federal Oversight and Management Board without providing any process whatsoever.

60. The Supreme Court has expressly stated that where a statute provides a public employee with for-cause removal protection, that employee possesses a property interest in his continued employment. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Because the PROMESA establishes that FOMB members may not be fired without "cause," controlling Supreme Court precedent establishes that Judge Gonzalez, Dr. Biggs, and Dr. Rosa have a property interest in their continued position as members. As a result, the Due Process Clause provides that they cannot be removed without—at a minimum—"oral or written notice of the charges against [them], an explanation of the employer's evidence, and an opportunity to present [their] side of the story." *Loudermill*, 470 U.S. at 546.

61. Judge Gonzalez, Dr. Biggs, and Dr. Rosa received neither notice nor a hearing before their purported firings. Instead, they found out through an email that purported to terminate them immediately without providing any explanation.

62. As a result, the attempt to terminate Judge Gonzalez, Dr. Biggs, and Dr. Rosa violated the Due Process Clause, and any actions to effectuate the illegal attempt to remove Judge Gonzalez, Dr. Biggs, and Dr. Rosa from office would violate their Fifth Amendment due process rights.

## COUNT FOUR
### ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 706(1) AND 706(2)
**(Against Defendant Gor)**

63. The preceding paragraphs are incorporated and realleged here.

64. To the extent that Defendant Gor acted to effectuate Judge Gonzalez's, Dr. Biggs's, and Dr. Rosa's purported removal from the Federal Oversight and Management Board, those

actions are "not in accordance with the law," "contrary to a constitutional right, power, privilege, or immunity," and "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).  Judge Gonzalez, Dr. Biggs, and Dr. Rosa seek to hold unlawful and set aside such actions, pursuant to section 706 of the Administrative Procedure Act and to compel agency action unlawfully withheld or unreasonably delayed.

## COUNT FIVE
### DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201 AND 2202
**(Against all Defendants)**

65. The preceding paragraphs are incorporated and realleged here.

66. Judge Gonzalez, Dr. Biggs, and Dr. Rosa are entitled to declaratory relief on the basis of all claims identified. There is a substantial ongoing controversy between Judge Gonzalez, Dr. Biggs, and Dr. Rosa and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Judge Gonzalez, Dr. Biggs, and Dr. Rosa are members of the Federal Oversight and Management Board and that the Defendants do not have authority to remove them without affording them all rights and protections set forth by applicable statutes and regulations.

## COUNT SIX
### VIOLATION OF THE SEPARATION OF POWERS
**(Against all Defendants)**

67. The preceding paragraphs are incorporated and realleged here.

68. The purported removal of Judge Gonzalez, Dr. Biggs, and Dr. Rosa is further invalid because it violates Article I, section 8, Article II, sections 2 and 3, and Article IV, section 3 of the United States Constitution.  The Constitution empowers Congress to establish independent agencies for federal territories and to set reasonable limitations on the removal of members of those independent agencies, and it does not confer on the President an authority to violate

Congress's scheme. The purported removal of Judge Gonzalez, Dr. Biggs, and Dr. Rosa violates the authorities vested in Congress by the Constitution and further violates the President's duty to "take Care that the Laws be faithfully executed."

## COUNT SEVEN
## WRIT OF MANDAMUS
### (Against all Defendants)

69.     The preceding paragraphs are incorporated and realleged here.

70.     Judge Gonzalez, Dr. Biggs, and Dr. Rosa are entitled to a writ of mandamus. The PROMESA's removal restrictions impose a ministerial duty on all Defendants not to interfere with Judge Gonzalez's, Dr. Biggs's, and Dr. Rosa's tenure in office absent cause. Judge Gonzalez, Dr. Biggs, and Dr. Rosa are entitled to a writ of mandamus prohibiting their removal from office, and, absent this Court granting one of the counts identified above, there is no other adequate means of redress.

## COUNT EIGHT
## EQUITABLE RELIEF FOR STATUTORY AND CONSTITUTIONAL VIOLATIONS
### (Against all Defendants)

71.     The preceding paragraphs are incorporated and realleged here.

72.     Under this Court's traditional equitable jurisdiction, Judge Gonzalez, Dr. Biggs, and Dr. Rosa are entitled to equitable relief to prevent and restrain ongoing violations of both statutory and constitutional federal law by the defendants. Equitable actions have "long been recognized as the proper means" to prevent public officials from acting unconstitutionally. *See Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)).

73.     Because such actions seek simply to halt or prevent a violation of federal law rather than the award of money damages, they do not ask the Court to imply a new cause of action. To

the contrary, the ability to sue to enjoin unlawful and unconstitutional actions by federal officers is the creation of courts of equity and reflects a long history of judicial review of illegal executive action, tracing back to England. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015).

## PRAYER FOR RELIEF

Plaintiffs Arthur J. Gonzalez, Andrew G. Biggs, and Betty A. Rosa request that the Court enter an Order awarding them the following relief:

a. Declare that the termination of Judge Gonzalez, Dr. Biggs, and Dr. Rosa was unlawful, and that Judge Gonzalez, Dr. Biggs, and Dr. Rosa are members of the Federal Oversight and Management Board, and are to be returned to all positions within the Board they previously held;

b. Declare that Judge Gonzalez, Dr. Biggs, and Dr. Rosa are members of the Federal Oversight and Management Board who may be removed only for cause;

c. Declare that the August 1, 2025 letter purporting to remove Judge Gonzalez, the August 1, 2025 letter purporting to remove Dr. Rosa, and the August 13, 2025 letter purporting to remove Dr. Biggs violated the law and were not effective;

d. Declare that the August 1, 2025 purported removal of Judge Gonzalez, the August 1, 2025 purported removal of Dr. Rosa, and the August 13, 2025 purported removal of Dr. Biggs violated their statutory right to notice and a hearing under the PROMESA and their due process rights under the Fifth Amendment;

e. Enjoin the Defendants from effectuating the illegal attempt to terminate Judge Gonzalez, Dr. Biggs, and Dr. Rosa and order the Defendants to treat Judge Gonzalez, Dr. Biggs, and Dr. Rosa as members of the Federal Oversight and Management Board;

f. Issue a writ of mandamus;

g. Award costs of this action and reasonable attorney's fees under the Equal Access to Justice Act or any other applicable law; and

h. Award all other appropriate relief.

Respectfully submitted,

/s/ David C. Indiano
DAVID C. INDIANO
USDCPR Bar. No. 200601
INDIANO & WILLIAMS
207 Del Parque St
7th Floor
San Juan, Puerto Rico 00912
David.indiano@indianowilliams.com
787-641-4545

/s/ Andrew H. Warren
ANDREW H. WARREN*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, D.C. 20003
202-594-9958
andrew@democracydefenders.org

/s/ Eduardo E. Santacana
EDUARDO E. SANTACANA*
SIMONA AGNOLUCCI*
ELLIE WINTER BARCZAK*
EVA M. SPITZEN*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2531
esantacana@cooley.com
sagnolucci@cooley.com

/s/ James I. Pearce
JAMES I. PEARCE*†
SAMANTHA BATEMAN*
MARY L. DOHRMANN*††
WASHINGTON LITIGATION GROUP
1717 K St NW
Suite 1120
Washington, DC 20006
202-521-8750
jpearce@washingtonlitigationgroup.org
mdohrmann@washingtonlitigationgroup.org
sbateman@washingtonlitigationgroup.org

* Application for pro hac vice forthcoming
† Admitted only in New York and North Carolina; practicing under the supervision of D.C. Bar Members
†† Admitted only in New York; practicing under the supervision of D.C. Bar Members

*Counsel for Plaintiffs Arthur J. Gonzalez, Andrew G. Biggs, and Betty A. Rosa*