UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARTHUR J. GONZALEZ, in his personal capacity and in his official capacity as Member of the Financial Oversight and Management Board for Puerto Rico<br><br>ANDREW G. BIGGS, in his personal capacity and in his official capacity as Member of the Financial Oversight and Management Board for Puerto Rico<br><br>BETTY A. ROSA, in her personal capacity and in her official capacity as Member of the Financial Oversight and Management Board for Puerto Rico<br><br>      *Plaintiffs*,<br>v.<br><br>SERGIO GOR, in his official capacity as Director of the White House Personnel Office<br><br>JOHN E. NIXON, in his official capacity as Member of the Financial Oversight and Management Board for Puerto Rico<br><br>ROBERT F. MUJICA, in his official capacity as the Executive Director of the Financial Oversight and Management Board for Puerto Rico<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America<br><br>      *Defendants*. | No. 25-CV-1508 (MAJ) |

## PLAINTIFFS' LIMITED REPLY IN SUPPORT OF EXPEDITED BRIEFING AND A HEARING

After Plaintiffs Arthur J. Gonzalez, Andrew G. Biggs, and Betty A. Rosa moved for a preliminary injunction (ECF No. 8) in this lawsuit challenging their purported removal from the Financial Oversight and Management Board for Puerto Rico and requested that the Court expedite

the briefing and hearing on the preliminary injunction motion, the government filed a limited opposition (ECF No. 12) arguing that expedition is unwarranted in this case. That argument is wrong for four reasons.

*First*, following the President's purported and unlawful removal of Plaintiffs from the Oversight Board, uncertainty hangs over the Board's membership and its continued operations. For example, in a status report filed at the end of last month in a Title III proceeding involving more than $3 billion in alleged claim by holders of bonds in the Puerto Rico Electric Power Authority ("PREPA"), the Board requested a "pause" until such a time as the Board has been properly constituted. *See* Ex. 1 (Status Report of the Financial Oversight and Management Board for Puerto Rico in Response to the Court's August 8, 2025 Order Suspending Deadlines, *In re Fin. Oversight and Manag. Bd.*, No. 17-04780, ECF No. 5790 at ¶8) (filed Aug. 25, 2025) ("[T]he preference of the Oversight Board as presently constituted is to pause the Administrative Expense Claim discovery and any necessary hearings thereon until such time as new Board members are appointed"). And last week, in another Title III proceeding in which the Board would typically act to protect PREPA's interests, a litigant filed an emergency motion to enforce a stay that the Board agreed had been violated but did not otherwise act on. *See* Ex. 2 Urgent Motion of LUMA to Enforce Automatic Stay, *In re Fin. Oversight and Manag. Bd.*, No. 17-04780-LTS, ECF No. at ¶ 45 (filed Sept. 18, 2025). The uncertainty about the Board's composition and its ability to act harms not only Plaintiffs themselves, but also the Board as a whole, parties engaged in extensive and ongoing Title III proceedings under the PROMESA, and, ultimately, the Commonwealth of Puerto Rico and its approximately 3.2 million citizens. This litigation should therefore move as expeditiously as possible to dispel that cloud of uncertainty.

*Second*, this case is simple and does not require "fulsome briefing," ECF No. 12 at 2, or present "multiple issues," *id.* The PROMESA provides that the President may remove Oversight Board members "only for cause," 48 U.S.C. § 2121(e)(5), and the government—on the same day Plaintiffs filed the complaint in this case—acknowledged in a different case that, where a statute includes for-cause protection, "federal courts may review the removal . . . when, for instance, the President identifies no cause at all." Appl. to Stay the Prel. Inj., *Trump v. Cook*, No. 25A312, at 20 (filed Sept. 18, 2025). The President here "identifie[d] no cause at all" when he purported to remove Plaintiffs from the Oversight Board in violation of the law. That—along with the executive branch's failure to provide Plaintiffs with the notice and hearing to which they were entitled—is all there is to this case. At any rate, even if more "fulsome" briefing were needed, the government has recently and extensively briefed in another case substantive and procedural issues similar to the ones presented here. *See, e.g.*, *id.* at 10-31. Finally, to whatever extent the government may assert that the President's inherent Article II powers override the PROMESA's for-cause removal protection, that argument fails for the simple reason articulated in Plaintiffs' motion for a preliminary injunction: namely, Oversight Board members are *not* federal executive branch officers serving under Article II, but instead are territorial officers of Puerto Rico who act under Congress's separate Article IV power to make laws governing U.S. territories.

*Third*, the government suggests (ECF No. 12 at 1) that expedition is unmerited because Plaintiffs have delayed in seeking emergency relief. That is inaccurate. Plaintiffs' roles as members on the Oversight Board, which has engaged in extensive restructuring litigation involving multiple entities and attorneys, meant that securing conflict-free counsel took longer than it might for other litigants. Once Plaintiffs secured such counsel, they moved expeditiously to file the

complaint and seek preliminary injunctive relief. Expediency is appropriate under those circumstances.

*Finally*, Plaintiffs requested expedited briefing and argument in part to prevent the President from attempting "unlawfully to replace [them] on the Oversight Board while they challenge their purported removals." ECF No. 8 at 3. The government's opposition to expedition makes no representation that the President will not seek to take that step. That omission is troubling and counsels moving quickly to ensure, at a minimum, that an injunctive order maintains the status quo ante by ensuring that Plaintiffs remain on the Board and are not displaced while this litigation proceeds. Expediting the briefing and hearing on the preliminary injunction motion furthers that end.

Respectfully submitted,

/s/ David C. Indiano
DAVID C. INDIANO
USDCPR Bar. No. 200601
INDIANO & WILLIAMS
207 Del Parque St
7th Floor
San Juan, Puerto Rico 00912
David.indiano@indianowilliams.com
787-641-4545

/s/ Andrew H. Warren
ANDREW H. WARREN‡
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, D.C. 20003
202-594-9958
andrew@democracydefenders.org

/s/ James I. Pearce
JAMES I. PEARCE‡†
SAMANTHA BATEMAN*
MARY L. DOHRMANN*††
WASHINGTON LITIGATION GROUP
1717 K St NW
Suite 1120
Washington, DC 20006
202-521-8750
jpearce@washingtonlitigationgroup.org
mdohrmann@washingtonlitigationgroup.org

/s/ Eduardo E. Santacana
EDUARDO E. SANTACANA*
SIMONA AGNOLUCCI*
ELLIE WINTER BARCZAK*
EVA M. SPITZEN*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2531
esantacana@cooley.com
sagnolucci@cooley.com

sbateman@washingtonlitigationgroup.org

‡ Admitted pro hac vice
* Application for pro hac vice forthcoming
† Admitted only in New York and North Carolina; practicing under the supervision of D.C. Bar Members
†† Admitted only in New York; practicing under the supervision of D.C. Bar Members

*Counsel for Plaintiffs Arthur J. Gonzalez, Andrew G. Biggs, and Betty A. Rosa*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 24, 2025, I caused a copy of this document to be served by the notice of electronic filing generated by this Court's electronic case filing system upon all counsel of record in this case.

                                            /s/ James I. Pearce
                                            WASHINGTON LITIGATION GROUP
                                            1717 K St NW
                                            Suite 1120
                                            Washington, DC 20006
                                            202-521-8750
                                            jpearce@washingtonlitigationgroup.org