UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARTHUR J. GONZALEZ, in his personal capacity and in his official capacity as Member of the Financial Oversight and Management Board for Puerto Rico<br><br>ANDREW G. BIGGS, in his personal capacity and in his official capacity as Member of the Financial Oversight and Management Board for Puerto Rico<br><br>BETTY A. ROSA, in her personal capacity and in her official capacity as Member of the Financial Oversight and Management Board for Puerto Rico<br><br>*Plaintiffs*,<br>v.<br><br>SERGIO GOR, in his official capacity as Director of the White House Personnel Office<br><br>JOHN E. NIXON, in his official capacity as Member of the Financial Oversight and Management Board for Puerto Rico<br><br>ROBERT F. MUJICA, in his official capacity as the Executive Director of the Financial Oversight and Management Board for Puerto Rico<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America<br><br>*Defendants*. | No. 25-CV-1508 (MAJ) |

**NOTICE REGARDING LETTERS SENT BY DEPUTY DIRECTOR OF PRESIDENTIAL PERSONNEL**

TO THE HONORABLE COURT:

NOW APPEARS Plaintiffs Arthur J. Gonzalez, Andrew G. Biggs, and Betty A. Rosa, through undersigned counsel, and hereby notifies the Court as follows:

Nearly two months after the President's abrupt and entirely unexplained purported removals of Plaintiffs Arthur J. Gonzalez, Andrew G. Biggs, and Betty A. Rosa from the Financial Oversight and Management Board for Puerto Rico—and after business hours on a Friday evening ahead of Monday's hearing in this case—the Deputy Director of Presidential Personnel, Morgan DeWitt, sent materially identical letters (submitted as Exhibit 1) that claim to supply "cause" for the removals.

We bring this to the Court's immediate attention in anticipation of the government relying on those letters at Monday's hearing. As Plaintiffs stand ready to explain either at the hearing on Monday or (if the Court prefers) in additional briefing, yesterday evening's letters wholly fail to establish cause because they (1) rely on factually inaccurate claims, including the incorrect suggestion that the Oversight Board spent $2 billion on its operations; (2) the fact that the PROMESA assigns to the Title III court the role of overseeing and approving costs, *see* 48 U.S.C. § 2176, which means a disagreement over costs approved by the Title III court is not a valid basis for removal by the President under the PROMESA; (3) at best amount to a policy disagreement with Plaintiffs' actions on the Oversight Board, which the government has recently acknowledged is insufficient to establish cause, *see* Appl. to Stay the Prel. Inj., *Trump v. Cook*, No. 25A312, at 31 (filed Sept. 18, 2025) ("The government has consistently acknowledged throughout this case that, although fraud or gross negligence in financial matters is cause for removal, mere policy disagreement is not."); and (4) are at bottom an after-the-fact attempt to salvage unlawful action, *cf. Smith v. CSRA*, 12 F.4th 396, 421 (4th Cir. 2021) (noting that "a factfinder may infer that an

employer's post-hoc rationale is not a legitimate explanation for an adverse employment decision").

The Court can and should provide immediate injunctive relief without considering the government's blatant post-hoc effort to fabricate cause to justify the unlawful removals. If and when the Court does consider such a claim, Plaintiffs welcome the opportunity to prove that it is entirely without merit.

WHEREFORE, Plaintiffs respectfully request that the Court take notice of the letters submitted as Exhibit 1.

Respectfully submitted

/s/ Andrew H. Warren
ANDREW H. WARREN‡
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, D.C. 20003
202-594-9958
andrew@democracydefenders.org


*/s/* Eduardo E. Santacana
EDUARDO E. SANTACANA*
SIMONA AGNOLUCCI*
ELLIE WINTER BARCZAK*
EVA M. SPITZEN*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2531
esantacana@cooley.com
sagnolucci@cooley.com

/s/ James I. Pearce
JAMES I. PEARCE‡†
SAMANTHA BATEMAN*
MARY L. DOHRMANN*††
WASHINGTON LITIGATION GROUP
1717 K St NW
Suite 1120
Washington, DC 20006
202-521-8750
jpearce@washingtonlitigationgroup.org
mdohrmann@washingtonlitigationgroup.org
sbateman@washingtonlitigationgroup.org

/s/ David C. Indiano
DAVID C. INDIANO
USDCPR Bar. No. 200601
INDIANO & WILLIAMS
207 Del Parque St
7th Floor
San Juan, Puerto Rico 00912
David.indiano@indianowilliams.com
787-641-4545

‡ Admitted pro hac vice
* Application for pro hac vice forthcoming

3

† Admitted only in New York and North Carolina; practicing under the supervision of D.C. Bar Members
†† Admitted only in New York; practicing under the supervision of D.C. Bar Members

*Counsel for Plaintiffs Arthur J. Gonzalez, Andrew G. Biggs, and Betty A. Rosa*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2025, I caused a copy of this document to be served by the notice of electronic filing generated by this Court's electronic case filing system upon all counsel of record in this case.

/s/ James I. Pearce
WASHINGTON LITIGATION GROUP
1717 K St NW
Suite 1120
Washington, DC 20006
202-521-8750
jpearce@washingtonlitigationgroup.org